**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., ) | CIV. 11-1878-PHX-PGR |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Palace Investments, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Motion for Default Judgment filed by Plaintiff Best Western International, Inc. ("Best Western"). (Doc. 28.) Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Best Western requests that the Court enter judgment by default in favor of Best Western against Defendants Palace Investments, Inc., and Michelle Bulinda. For the reasons set forth below, the Court will grant the motion.

**Background**

On January 22, 2001, Defendant Palace Investments executed a Membership Agreement and identified itself as the owner of the Best Western Palace Inn, in Lake Orion, Michigan. (Doc. 15, ¶ 22; *id.*, Ex. 1.) On July 20, 2008, Defendant Bulinda executed the Application for Change in Voting Member. (*Id.*, ¶ 23; Ex. 2.) In doing so she affirmed that she understood and agreed to meet Best Western's membership requirements and would be personally liable for the responsibilities of the Best Western affiliation, including the

Membership Agreement executed by Defendant Palace Investments and the Regulatory Documents. (*Id.*, ¶ 24.)

Defendants' Best Western membership terminated effective June 30, 2011, because the hotel failed to meet Best Western's standards. (*Id.*, ¶ 32; Ex. 4.) Accordingly, Defendants were required to cease and desist from using, and remove from public view, all Best Western trademarks and any other references to Best Western no later than July 13, 2011. Defendants did not do so. When Defendants entered into the Membership Agreement, they further agreed to timely pay all fees, dues, charges, and assessments imposed on the membership by the Board of Best Western and to promptly pay the costs of all goods or services provided by or ordered through Best Western, and that past due amounts would bear interest at the rate of one and one-half percent (1.5%) per month until paid.

On July 23, 2011, Best Western sent a representative to the hotel. (*Id.*, ¶ 33.) The representative observed that the main signs at the property were covered by red plastic covers, but the distinctive curvilinear shape remained and had not been removed, altered, or destroyed as required by the Regulatory Documents. (*Id.*) Additionally, Best Western's representative observed that telephone faceplates throughout the hotel continued to display Best Western symbols. (*Id.*) On June 30, 2011, Best Western learned that Defendants had retained the www.bwpalaceinn.com domain name. (*Id.*, ¶ 34; Ex. 6.)

On August 5, 2011, Best Western notified Defendants that they had failed to satisfy their open and stated account with Best Western, and demanded that Defendants cease and desist their use of the Best Western symbols. (*Id.*, ¶ 35; Ex. 7.) The letter also reminded Defendants that their use of the Best Western symbols on or after July 15, 2011, at the hotel or in advertising for the hotel, subjected Defendants to liquidated damages owed pursuant to the Membership Agreement in the amount of $808.37 per day. (*Id.*, ¶ 36.) The letter further demanded that Defendants "disclose the use/registration of any domain names that comprise any of the Best Western marks and transfer the ownership of all Best Western domain names to Best Western International." (*Id.*, ¶ 37.)

On September 8, 2011, Best Western again sent its representative to the hotel. The representative observed that the main hotel signs had not been changed and the telephone faceplates were still present throughout the hotel. (*Id.*, ¶ 38; Ex. 8.)

On November 18, 2011, Best Western filed its First Amended Complaint ("Complaint") against Defendants, asserting the following claims: (I) Breach of Contract; (II) Failure to Pay an Open Account; (III) Post Termination Use of Trademarks; (IV) Federal Trademark Infringement; (V) False Designation of Origin and Unfair Competition; (VI) Federal Trademark Dilution; (VII) Unfair Competition under Arizona Law; (VIII) Trademark Dilution under Arizona Law; (IX) Trademark Infringement under Arizona Law; (X) Common Law Trademark Infringement; (XI) Unjust Enrichment;(XII) Stated Account; and (XIII) Cybersquatting. (Doc. 15.)

Defendants filed an Answer to the Complaint on November 29, 2011. (Doc. 16.) On March 12, 2012, the Court entered an order striking the Answer based on Defendants' failure to comply with the Court's orders or otherwise participate in the litigation, and ordered the Clerk of the Court to enter default against each Defendant. (Doc. 26.) Default was entered on March 12, 2012. (Doc. 27.) Best Western filed its Motion for Default Judgment on April 16, 2012. (Doc. 28.)

**Analysis**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." After a default has been entered and the defendant fails to appear or move to set aside the default, the Court may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Granting default judgment is within the Court's sound discretion. *See Albade v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider such factors as the possibility of prejudice to the plaintiff, the merits of the substantive claim, the sufficiency of the complaint, the sum of money at stake, the possibility of a dispute concerning material

facts, whether the default was due to excusable neglect, and the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). A plaintiff is required to prove all damages sought in the complaint.

Having considered Best Western's motion, which addresses in detail each *Eitel* factor (Doc. 28 at 9–17), and having reviewed the supporting affidavits and documents provided by Best Western (Docs. 29–31), the Court concludes that default judgment is appropriate.

First, Best Western will be prejudiced if default is not entered because absent judgment it will be without recourse for recovery. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

Next, a review of Best Western's Complaint and the documents attached thereto, including the Membership Agreement and the Regulatory Documents, shows that Best Western has sufficiently set forth meritorious claims for relief. (Doc. 15, Ex's 1–12; *see* Docs. 29–30.) Best Western's allegations satisfy the elements of its claims for breach of contract, open and stated account, unjust enrichment, and trademark infringement. Given the sufficiency of the Complaint and Defendants' default, there is no dispute concerning the material facts.

With respect to the amount at stake, Best Western seeks $28,598.85 in unpaid fees and charges under the Membership Agreement and liquidated damages in the amount of $111,555.06. These figures are properly documented, contractually justified, and reasonably proportionate to the harm caused by the Defendants' actions. *See Bd. of Trs. Of Ca. Metal Trades v. Pitchometer Propeller*, 1997 WL 797922, at *2 (N.D. Cal. 1997); *see also Best Western Int'l, Inc. v. Oasis Investments, L.P.*, 398 F.Supp. 2d 1075, 1081 (D. Ariz. 2005) (finding a liquidated damages clause enforceable where the defendant did not contest the reasonableness of the amount and it would be difficult for the plaintiff to accurately estimate the damages caused by the defendant's infringing conduct).

Finally, with respect to the remaining *Eitel* factors, Defendants were properly served, so it is unlikely that their failure to answer and the resulting default resulted from excusable neglect. *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D.Ariz. Jan. 3, 2008). Defendants' default makes a decision on the merits "impractical, if not impossible." *PepsiCo*, 238 F.Supp.2d at1177.

The Court further finds that Best Western has proved the damages sought in the Complaint. The total of $28,598.85 for Counts I, II, XI, and VII, is supported by the terms of the Membership Agreement and the Affidavit of Cheryl Pollack, Director of Member Services Administration of Best Western. (*See* Doc. 15, Ex. 1; Doc. 29, Ex. 1.) This court has previously approved the formula by which Best Western determines liquidated damages. *See Best Western v. Oasis Investments*, 398 F.Supp.2d at 1081.

Furthermore, as provided by the Membership Agreement, Best Western is entitled to all attorneys' fees, costs, and expenses. (Doc. 15, Ex. 1, ¶¶ 36, 37.) The fees and costs sought by Best Western are reasonable. (*See* Doc. 31.)

Accordingly,

IT IS ORDERED that Plaintiff Best Western's Motion for Default Judgment (Doc. 28) is granted.

IT IS FURTHER ORDERED that default judgment is entered against Defendants on Counts I, II, XI, and XII of the First Amended Complaint in the amount of $28,598.85 plus interest thereon at the rate of 1.5% per month from and after April 1, 2012, through the date the Judgment is entered.

IT IS FURTHER ORDERED that default judgment is entered on Count III of the Complaint in the amount of $111,555.06 (liquidated damages).

IT IS FURTHER ORDERED that default judgment is entered on Counts I through XII of the Complaint, for Plaintiff's reasonable attorneys' fees, costs, and expenses incurred herein in the amount of $10,209.94.

IT IS FURTHER ORDERED dismissing Count XIII of the Complaint.

IT IS FURTHER ORDERED that Plaintiff is granted judgment against Defendants for reasonable post-judgment attorney's fees and costs incurred in the enforcement of this judgment.

IT IS FURTHER ORDERED that interest shall accrue on all amounts awarded herein pursuant to 28 U.S.C. § 1961.

DATED this 23rd day of April, 2012.

Paul G. Rosenblatt
United States District Judge